IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS A. GARCÍA-LÓPEZ, Petitioner, v. UNITED STATES OF AMERICA, Respondent. | CIV. NO.: 24-1126 (SCC) |

**OPINION AND ORDER**

Magistrate Judge Héctor L. Ramos-Vega issued a thorough Report and Recommendation ("R&R") regarding Petitioner Luis A. García-López' ("Mr. García-López") *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 at Docket No. 1 (the "Petition"). *See* Docket No. 22.[1] In short, he recommends the Petition be denied. *Id.*[2] Mr. García-López filed Objections. *See* Docket No. 23. For the

---

[1] The record reflects the Magistrate Judge filed an initial R&R at Docket No. 21. Shortly thereafter, he filed an Amended R&R. *See* Docket No. 22. Once the Amended R&R was filed, that became the operative R&R for the Court to review.

[2] As part of the R&R, the Magistrate Judge also issued recommendations regarding Mr. García-López' (1) requests to deem his Petition as timely filed, *see* Docket No. 10; (2) motion to compel, *see* Docket No. 11 and (3) request for admissions, *see* Docket No. 12. As to the first request, he deemed the same to be moot. *See* Docket No. 22, pg. 5. As to the requests at Docket Nos. 11 and 12, he recommended they be denied. *See Id.* at 18.

reasons set forth below, the Court **ADOPTS** the R&R in its entirety.

## I. LEGAL STANDARD

The Court reviews *de novo* portions of an R&R to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); *see also United States v. J.C.D.*, 861 F.3d 1, 6 (1st Cir. 2017). Objections must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection." Local Rule 72(d); *see also* Fed. R. Civ. P. 72(b)(2). However, the Court need not "consider frivolous, conclusive, or general objections." *See Rodríguez-González v. Astrue*, 854 F.Supp.2d 176, 178 (D.P.R. 2012). And if objections merely repeat arguments already made to the magistrate judge, a *de novo* review is unwarranted, and the district judge will review those portions of the R&R for clear error. *Id.* Further, a party objecting to an R&R is not "entitled as of right to a de novo review by the [district] judge of an argument never raised" before the magistrate judge. *See United States v. Rosado-Cancel*, 917 F.3d 66, 69 (1st Cir. 2019).

## II. ANALYSIS

Mr. García-López put forth three arguments, each concerning the § 924(c) count, in support of his Petition. *See*

*generally* Docket No. 1. In the R&R, the Magistrate Judge reasons that because all three arguments miss the mark, the Petition should be denied. Specifically, the Magistrate Judge first recommends the Court deny Mr. García-López' ineffective assistance of counsel claim. *See* Docket No. 22, pgs. 9-14. That claim was rooted in Mr. García-López' understanding that his trial counsel failed to properly investigate exculpatory evidence, provide adequate counsel during plea negotiations and challenge the sufficiency of the evidence supporting the § 924(c) count. The Magistrate Judge explained that, considering the Government's testimonial evidence to sustain the § 924(c) count, Mr. García-López' repeated representations under oath admitting to the possession of a firearm in furtherance of drug trafficking crime, and his acknowledgement that he was satisfied with his attorney's advice and representation, his claim of ineffective assistance of counsel is meritless. *See* Docket No. 22, pg. 14. Second, the Magistrate Judge recommends this Court deny Mr. García-López' claim that the Government failed to establish a factual basis for the firearm offense. *Id*. at 14-18. The Magistrate Judge agreed with the Government that Mr. García-López procedurally defaulted this argument. *Id*. at

García-López v. United States of America                                                    Page 4

15. Although Mr. García-López attempted to overcome such default by asserting a claim of actual innocence, upon a thorough review of the record, the Magistrate Judge determined that claim was baseless. *Id.* at 15-16. Lastly, the Magistrate Judge recommends the Court deny Mr. García-López' contention that the Court erred in entering judgement regarding his § 924(c) count, since he waived this argument because he failed to develop it. *Id.* at 18.

Mr. García-López objected to the Magistrate Judge's recommendation to deny his Petition. *See* Docket No. 23. However, those "objections" merely reiterate the arguments he made in his Petition and thus do not constitute valid objections. *See* Docket Nos. 1, 23. Accordingly, Mr. García-López' objections, should be reviewed for clear error. The Court has found none. And even when, to Mr. García-López' benefit, the Court conducts a *de novo* review, the Court still arrives at the same conclusion as the Magistrate Judge and finds no reason to break from the R&R.[3]

---

[3] The Court notes a critical flaw in Mr. García-López' second argument, which asserts that newly discovered evidence substantiates an actual innocence claim. A careful review of the record reveals two key points: (1) the email that Mr. García-López presents as new evidence is dated prior to the sentencing, and (2) the Cantera murder referenced in that email was not considered for sentencing purposes. Thus, Mr. García-López' assertion that this email calls into question the factual basis for the § 924(c)

García-López v. United States of America                                    Page 5

There is one "objection", however, that the Court addresses head-on. Mr. García-López claims that he was deprived of meaningful access to counsel between January 13, 2023, which is after he was sentenced, until April 16, 2023, when he was finally transferred to a correctional facility in the continental United States. *See* Docket No. 23, ¶ 12. Specifically, he states that Guayama 100, the detention center where he was housed prior to his transfer to the continental United States, "lacked adequate facilities for attorney-client communication," therefore "depriving [him] of his constitutional right to counsel during" that time. *Id.* However, Mr. García-López did not raise this issue in his Petition. Instead, Mr. García-López advanced this argument for the first time in his Objections to the R&R. Consequently, Mr. García-López waived this argument. *See Rosado-Cancel*, 917 F.3d at 69. But even if Mr. García-López had not waived this argument, the record is devoid of any indication that, prior to his transfer to the continental United States, he expressed his concerns regarding the conditions of Guayama 100 and how those conditions reportedly affected his constitutional rights.

---

count is belied by the record.

García-López v. United States of America                                    Page 6

One loose end remains. Rule 11(a) of the Rules Governing Section 2255 Proceedings instructs that, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To warrant a certificate of appealability, Mr. García-López must have made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In this case, Mr. García-López has not made such a showing. Therefore, he is not entitled to a certificate of appealability. Of course, and if he deems so necessary, Mr. García-López may apply directly to the First Circuit for a certificate of appealability pursuant to Federal Rule of Appellate Procedure 22(b)(1).

### III. CONCLUSION

Upon a *de novo* review of the R&R, and because Mr. García-López 's Objections do not reveal any error, the Court hereby **ADOPTS** the R&R at Docket No. 22 in its entirety and **DENIES** the Petition.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th day of March 2025.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE